UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WILLIAM HENRY CLAPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 18-cv-07269-LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [SEVENTH] AMENDED COMPLAINT WITH PREJUDICE**[1]<br><br>Re: ECF No. 73 |

## INTRODUCTION

Plaintiff William H. Clapp alleges that in November 2016, he was leaving a restaurant in San Francisco's Mission District, when he was confronted by a group of five to seven individuals who began yelling and advancing on him. When the individuals came to about five to ten feet away, Mr. Clapp took out both pepper spray and a stun gun from his pockets and "sparked" the stun gun.

---

[1] While Mr. Clapp has not been numbering his successive complaints, by the court's count, he has filed eight complaints altogether: ECF No. 1 (his original complaint), ECF No. 39 (what would be his first amended complaint), ECF No. 40 (what would be his second amended complaint), ECF No. 41 (what would be his third amended complaint), ECF No. 42 (what would be his fourth amended complaint), ECF No. 48 (what would be his fifth amended complaint), ECF No. 69 (what would be his sixth amended complaint), and ECF No. 71 (what would be his seventh amended complaint) ("7AC"). Mr. Clapp also filed what would have been his ninth complaint (his eighth amended complaint), ECF No. 74, which the court struck for being filed without permission, Order – ECF No. 75. The 7AC remains the operative complaint. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-07269-LB

Officers from the San Francisco Police Department arrived on the scene and ordered Mr. Clapp to drop his weapons. Mr. Clapp did so. Mr. Clapp alleges that he was then pulled from behind and fell onto the sidewalk and suffered injuries. Mr. Clapp alleges that he was then handcuffed and injected with a sedative, which rendered him unconscious until he woke up some time later at San Francisco General Hospital in restraints.

The San Francisco District Attorney's Office charged Mr. Clapp with misdemeanor brandishing for the November 2016 incident and had a restraining order issued against him. In June 2017, Mr. Clapp was arrested for violating the restraining order for failing to turn in two "collector guns." A court ordered him on an evening "house arrest/curfew" from 10:00 p.m. to 6:00 a.m. and barred him from consuming any alcohol in any public place. In November 2017, the brandishing charges were dropped, and the curfew restrictions were lifted.

Mr. Clapp has filed eight successive complaints in this case against the City and County of San Francisco ("CCSF"), alleging that CCSF violated his constitutional rights and violated state law. (Mr. Clapp does not name any individual police officer or prosecutor as a defendant.) After Mr. Clapp filed his sixth complaint (his fifth amended complaint), CCSF moved to dismiss. The court dismissed Mr. Clapp's fifth amended complaint without prejudice for failure to state a claim and, additionally with respect to his state-law claims, for failure to comply with California's Government Claims Act. *Clapp v. City and Cty. of San Francisco*, No. 18-cv-07269-LB, 2019 WL 2410508 (N.D. Cal. June 7, 2019).[2] The court explained to Mr. Clapp the deficiencies in his complaint and gave him a final chance to file an amended complaint. Mr. Clapp filed two more amended complaints since that time (and attempted to file a third). None of them fixes the deficiencies the court identified in its order.

CCSF again moves to dismiss Mr. Clapp's latest operative complaint.[3] The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court grants CCSF's motion to

---

[2] Order – ECF No. 62.

[3] CCSF Mot. – ECF No. 73.

ORDER – No. 18-cv-07269-LB  2

1  dismiss. The court finds that further amendment would be futile and dismisses Mr. Clapp's
2  complaint with prejudice.

## ANALYSIS

Mr. Clapp's claims in this complaint — for false arrest/false imprisonment, excessive force, malicious prosecution, conspiracy, gross negligence, and intentional infliction of emotional distress[4] — fail for the same reasons they failed the last time around, including the following: (1) the police had probable cause to arrest and prosecute Mr. Clapp (because, by his own admission, the police directly witnessed him brandishing pepper spray and "sparking" a stun gun at people who were five to ten feet away from him); (2) Mr. Clapp fails to cognizably plead that CCSF had a policy that amounted to deliberate indifference to his constitutional rights and thus fails to plead a constitutional claim against CCSF; and (3) Mr. Clapp fails to plead that he complied with the requirements of the California Government Claims Act and thus fails to plead a state-law claim against CCSF. *Cf. Clapp*, 2019 WL 2410508, at *4–10.[5]

For Mr. Clapp's benefit, the court briefly responds (again) to the points he raises in his latest complaint and opposition to CCSF's motion to dismiss.

Mr. Clapp claims that the police made "absolutely no attempt to determine what was either actually happening via some reasonable investigative discussion" and made "no attempt to communicate with the plaintiff after he dropped his defensive weapons" before arresting him.[6] As the court previously explained, the police — having directly witnessed Mr. Clapp brandishing weapons at people five to ten feet away — had probable cause to believe he was engaged in criminal activity (unlawful use of weapons) and to place him under arrest and criminally charge him for that activity. *Clapp*, 2019 WL 2410508, at *6 (citing authorities).[7] "Once probable cause to arrest someone is established, . . . a law enforcement officer is not required by the Constitution

---

[4] 7AC – ECF No. 71 at 3 (¶ 1.2).

[5] Order – ECF No 62 at 8–18.

[6] Clapp Opp'n – ECF No. 78 at 7 (¶ 2.2.2), 16 (¶ 3.1.2), 27 (¶ 3.5).

[7] Order – ECF No. 62 at 11–13.

to investigate independently every claim of innocence[.]" *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (internal quotation marks omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979)). As the court previously explained, the fact that there might be evidence that Mr. Clapp was acting in self-defense is an argument he could raise in response to the criminal charges at trial, but "'[t]he mere existence of some evidence that could suggest self-defense does not negate probable cause'" in the first instance. *Clapp*, 2019 WL 2410508, at *6 (quoting *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015)).[8]

Mr. Clapp acknowledges that he did not name any individual police officers as defendants in any of his complaints but claims that under 42 U.S.C. § 1983, "governmental agencies are responsible for the acts of their employees."[9] That is not a correct statement of law. As the court previously explained, "there is no respondeat superior liability under 42 U.S.C. § 1983, i.e., no entity is liable simply because it employs a person who has violated a plaintiff's rights." *Clapp*, 2019 WL 2410508, at *5 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).[10] Mr. Clapp's constitutional claims against CCSF fail because he does not plead that CCSF itself had a policy that amounted to deliberate indifference to his constitutional rights, much less that CCSF's policy was the moving force behind any violation of his rights.

Mr. Clapp claims that he did not name individual police officers as defendants because the "California Tort Act" (i.e., the California Government Claims Act ("GCA"), also known as the Tort Claims Act) also prohibits claims against individuals.[11] There is no prohibition on his naming individuals as defendants to his federal constitutional claims: "'[t]he California Tort Claims Act does not apply to federal constitutional claims under 42 U.S.C. § 1983.'" *O'Haire v. Napa State Hosp.*, No. C 07-0002 RMW (PR), 2010 WL 3910089, at *1 n.1 (N.D. Cal. Sept. 30, 2010)

---

[8] *Id.* at 12.

[9] Clapp Opp'n – ECF No. 78 at 25 (¶ 3.3).

[10] Order – ECF No. 62 at 10.

[11] Clapp Opp'n – ECF No. 78 at 25 (¶ 3.3).

(quoting *Le v. Hilton Hotel*, No. C 09-4871 PJH, 2010 WL 144809, at *15 n.9 (N.D. Cal. Jan. 11, 2010)). His decision not to name any individual police officers as defendants does not mean that he can impute respondeat superior liability on CCSF.[12]

Mr. Clapp purports to "reserve[] the right to amend the complaint naming [individual officers] as defendants."[13] The court has already given Mr. Clapp numerous opportunities to amend his complaint and will not allow amendments ad infinitum. *Cf. United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) ("[L]eave to amend may be denied when a plaintiff has demonstrated a 'repeated failure to cure deficiencies by amendments previously allowed.'") (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). In any event, at this juncture, an amendment to add individual officers as defendants would be futile, because the statutes of limitations for any claims against the officers — two years[14] — has long since lapsed.[15]

## CONCLUSION

The court grants CCSF's motion to dismiss. Given that Mr. Clapp has filed eight complaints in this case (and attempted to file a ninth) and in each one failed to plead a cognizable claim, the

---

[12] The court notes that the GCA imposes other restrictions on the (state-law) claims that plaintiffs can bring, but this did not prevent Mr. Clapp from bringing his constitutional claims, because he (correctly) understood that the GCA does not limit federal constitution claims. *Clapp*, 2019 WL 2410508 at *7 n.50 (Order – ECF No. 62 at 14 n.50).

[13] Clapp Opp'n – ECF No. 78 at 25.

[14] The statute of limitations for Mr. Clapp's state-law claims are two years. Cal. Civ. Proc. Code § 335.1. That two-year statute of limitations controls with respect to his federal constitutional claims as well, as "[b]ecause § 1983 has no specific statute of limitations, federal courts borrow state statute of limitations for personal injury actions." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (quoting *Lukovsky v. City and Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)).

[15] Particularly in light of the fact that Mr. Clapp has known for months if not longer the names and identities of the individual officers involved in the November 2016 incident but declined to name them as defendants, any amendment to add them now would not relate back to his original complaint. *Cf. Boss v. City of Mesa*, 746 F. App'x 692, 694–95 (9th Cir. 2018).

ORDER – No. 18-cv-07269-LB 5

court finds that further amendment would be futile and dismisses Mr. Clapp's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: August 23, 2019

_____
LAUREL BEELER
United States Magistrate Judge